IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

IN RE: JAMES C. WINDING                          CAUSE NO. 3:25-MC-00021-MPM

### ORDER DENYING MOTION FOR PERMISSION TO PROCEED

This matter comes before the Court on *pro se* Petitioner James C. Winding's motion for permission to file a petition for a writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254. Doc. # 1. As noted in *numerous* previous Court orders, Winding is a prolific filer of both habeas petitions and civil rights complaints challenging his state-court convictions/sentences for sexual battery and kidnapping in both District Courts in this state. *See Winding v. Mississippi Supreme Court, et al.*, No. 3:25-cv-00220-MPM-RP, Doc. # 5 (Opinion and Order Dismissing case with prejudice and imposing a ban on future filings).

As emphasized many times over, Winding has been the subject of numerous court-imposed sanctions due to these frivolous filings. Most recently, the Fifth Circuit Court of Appeals imposed a $1000 sanction and barred Winding from filing "any pleading based, in or whole in part, on his kidnapping and sexual battery convictions and sentences, until the sanction is satisfied." *In re Winding*, No. 25-90004 (5th Cir. Apr. 18, 2025). Now, for the *third* time in a span of just two months, Winding seeks permission to file such a pleading but has failed to show that the monetary sanction has been paid in full nor has he otherwise demonstrated the existence of good cause to file such a pleading.

As such, the Court finds that Winding's motion [1] for permission to file a habeas petition is not well-taken, and is, therefore, **DENIED**. Given Winding's repeated frivolous filings, it is clear that he either misunderstands or worse, completely intentionally disregards, the intention behind the sanction and bar. The Court will not allow this practice to continue. Thus, going forward, until such time as Winding demonstrates that he has satisfied the sanction identified above, any pleadings,

*including* motions for permission to proceed, based in whole or in part, on his kidnapping and sexual battery convictions and sentences, will be returned to Winding *unfiled*. This applies to actions filed under 28 U.S.C. § 2241 or § 2254 *and* 42 U.S.C. § 1983. The Clerk of Court is, therefore, **DIRECTED** to return any such filings to Winding until such time as the sanction has been satisfied.

**SO ORDERED**, the 29th day of October, 2025.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI